UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO.**

| | |
|---|---|
| LOUIS P. TORTORELLA,<br>WAYNE R. GUTIERREZ,<br>JOSEPH P. MURPHY, and<br>STEVEN M. LITTLEFIELD<br><br>Plaintiffs<br>v.<br><br>UNITED STATES OF AMERICA;<br><br>DONALD H. RUMSFELD, in his official capacity as the Secretary of the U.S. Department of Defense;<br><br>FRANCIS J. HARVEY, in his official capacity as the Secretary of the U.S. Army;<br><br>DAVID M. WALKER, in his official capacity as U.S. Comptroller General;<br><br>THE COMMONWEALTH OF MASSACHUSETTS;<br><br>MITT ROMNEY, in his official capacity as Governor of Massachusetts;<br><br>MARTIN J. BENISON, in his official capacity as Comptroller of the Commonwealth of Massachusetts,<br><br>MASSACHUSETTS NATIONAL GUARD;<br><br>BRIGADIER GENERAL OLIVER J. MASON, JR.,, in his official capacity of Adjutant General of the Massachusetts National Guard;<br><br>LEONARD SAMBOROWSKI, in his official capacity as Inspector General of the Massachusetts National Guard<br><br>Defendants | 06 CA 10054 RGS<br><br>RECEIPT # 69494<br>AMOUNT $ 250<br>SUMMONS ISSUED 4<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK. tom<br>DATE 1/11/06<br><br>MAGISTRATE JUDGE RBC |

## CLASS ACTION COMPLAINT

Plaintiffs, by their undersigned attorneys, for their Class Action Complaint, allege upon personal knowledge as to themselves and their own acts, and upon information and belief (based upon the investigation of their counsel) as to all other matters, as to which allegations they believe substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action as a Class Action pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who are or were the subject of active duty orders of the Massachusetts National Guard Adjutant General during the period from September 12, 2001 through the present (the "Class Period"), who did not receive the requisite pay and allowances as provided by federal law pursuant to 32 U.S.C. § 502(f).

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Louis P. Tortorella is an individual with a principal residence located at 10 Russell Hill Road, Brookline, New Hampshire. At the present time Louis P. Tortorella is retired from the United States Army and Massachusetts National Guard, but was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint.

3. Plaintiff Wayne R. Gutierrez is an individual with a principal residence located at 175 Shawmut Avenue, in New Bedford, Massachusetts. At the present time Wayne Gutierrez is a Sergeant in the Massachusetts National Guard, and was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint.

4. Plaintiff Joseph P. Murphy is an individual with a principal residence located at 16 Fairway Drive, in Derry, New Hampshire. At the present time Joseph P. Murphy is a Specialist in the Massachusetts National Guard, and was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint.

2

5.  Plaintiff Steven M. Littlefield is an individual with a principal residence located at 669 State Road, Manomet, Massachusetts. At the present time Steven M. Littlefield is a Sergeant in the Massachusetts National Guard, and was serving active duty at Camp Edwards, Massachusetts Military Reservation for all periods of time material to this Complaint, until ordered to Iraq in June 2004.

6.  Defendant Donald H. Rumsfeld, the Secretary of the Department of Defense, is the individual lawfully appointed as the Secretary of the Department of Defense of the United States of America.

7.  Defendant Francis J. Harvey, the Secretary of the Department of the Army is the individual lawfully appointed and responsible for the duties of the Secretary of the Department of the Army.

8.  Defendant David M. Walker, the U.S. Comptroller General, is the individual lawfully appointed and responsible for the duties of the United States Comptroller General.

9.  The Defendant Mitt Romney, is the Governor of The Commonwealth of Massachusetts. Governor Romney has, in conjunction with the Massachusetts National Guard Adjutant General, legal and management responsibility for the acts and omissions of the Massachusetts National Guard.

10. The Defendant Brigadier General Oliver J. Mason, Jr., is the Adjutant General of the Massachusetts National Guard, and he has, in conjunction with Governor Romney, legal and management responsibility for the acts and omissions of the Massachusetts National Guard (the "MNG").

11. Defendant Martin J. Denison, the Comptroller of The Commonwealth of Massachusetts, is the individual lawfully appointed and responsible for the duties of the Comptroller of The Commonwealth of Massachusetts.

12. This Court has original jurisdiction over this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1346.

13. This Complaint arises out of injuries to the Plaintiffs caused by officers of the MNG, who intentionally and negligently violated the Plaintiffs' rights under the United States Constitution, as well as other violations of federal statutes and executive regulations.

14. The Plaintiffs are protected by certain guarantees under the Constitution and further protected by specific rights legislated by the Untied States Congress. Congress has exercised power to establish a system of authority and justice to regulate military life, taking into account the special patterns of command and service that define military life and provide structure and protection for those performing their military duty. This system of authority is called the "chain of command" and is set forth by federal statutes and regulations, and must be followed for military command and control, jurisdictional, discipline, and legal purposes.

15. The actions by the Defendants have violated and betrayed that system of authority and the Plaintiffs and hundreds of other MNG soldiers have incurred substantial personal and financial harm as a result.

16. Venue is proper in this District as the majority of the Plaintiffs reside in Massachusetts, and the Massachusetts Defendants perform their administrative functions in Massachusetts.

## CLASS ACTION ALLEGATIONS

17. Plaintiffs bring this action as a Class Action pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who are or were the subject of active duty orders of the Massachusetts National Guard Adjutant General during the period from September 12, 2001 through the present (the "Class Period"), who did not receive the requisite entitlements as provided under federal law pursuant to 32 U.S.C. § 502(f). Excluded from the Class are any members of the Massachusetts National Guard Adjutant General's senior command having direct or indirect involvement in the wrongdoing specified herein, including but not limited to: Major (MAJ) Margaret White, Lieutenant Colonel (LTC) Daniel DuPont, Lieutenant Colonel (LTC) Richard C. Nagle, Colonel (COL) Oliver Mason, Colonel (COL) Jay Francis Daley, Colonel (COL) Frank Baran, Lieutenant Colonel (LTC) Christopher Henes, and Colonel (COL) Barry Lischinsky, all of whom are stationed at MNG Headquarters at Milford, Massachusetts.

18. The Class consists of hundreds of persons located throughout the Commonwealth of Massachusetts and the Eastern United States. Thus, the members of the Class are so numerous that joinder of all Class members in impracticable. The exact number of Class members is not presently known to Plaintiffs, but can readily be determined by appropriate discovery.

19. Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent in class action litigation. Plaintiffs are members of the Class they seek to represent, and they have no interests that are adverse or antagonistic to those of the Class.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

21. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether federal laws, including but not limited to 32 U.S.C. § 502(f), 37 USC § 404 and § 411 have been violated by Defendants' acts and omissions, as alleged herein;

(b) Whether Defendants breached fiduciary duties owed to Plaintiffs and the members of the Class by failing to act prudently and solely in the interest of the Massachusetts National Guard and the soldiers that constitute the MNG; and

(c) Whether Plaintiffs and the members of the Class have sustained injury by reason of Defendant's actions and omissions.

22. The representative Plaintiffs' claims are typical of the claims of the class. Plaintiffs envision no difficulty in the management of this litigation as a Class Action.

23.     Beginning September 12, 2001, the Massachusetts National Guard Adjutant General ordered Plaintiffs and many other MNG soldiers, to active duty for special work, for approximately six month increments. The soldiers' official military orders (herein the "Orders") stated in pertinent part:

> "Period (TDY) [ . . . ] (a) GOVERNMENT QUARTERS NOT AVAILABLE; (b) GOVERNMENT MEALS ARE NOT AVAILABLE; [and] (c) PER DIEM: NOT AUTHORIZED."

Examples of the Orders issued to the Plaintiffs are attached hereto as Exhibit A.

24.     Under applicable provisions of the United States Code, the Plaintiffs were and remain entitled to TDY (Temporary Duty Travel and Transportation Allowance) reimbursement compensation for expenses incurred by them for meals and lodging while away from home performing active duty. Specifically, 37 U.S.C. §404(a)(4) states:

> (a) Except as provided in subsection (f) and under regulations prescribed by the Secretaries concerned, a member of a uniformed service is entitled to travel and transportation allowances for travel performed or to be performed under orders, without regard to the comparative costs of the various modes of transportation-- [ ... ]
>
> (4) when away from home to perform duty, including duty by a member of the Army National Guard of the United States or the Air National Guard of the United States, as the case may be, in his status as a member of the National Guard, for which he is entitled to, or has waived, pay under this title; and [Emphasis Supplied.]

25.     Further, 37 U.S.C. §411 states: "For the administration of sections 404(a), (b), and (d) to (f), 404a, 405, 405a, 406(a) to (f), 407, 409, and 410 of this title, the Secretaries [of the Departments] concerned shall prescribe regulations that are, as far as practicable, uniform for all of the uniformed services." See 37 U.S.C. §§ 404, 411 and 32 U.S.C. §502, attached Exhibit B.

26.     Upon information and belief, which the Plaintiffs believe to be true, the Defendants' policy to deny Plaintiffs TDY reimbursement compensation, is inconsistent with the practices and regulations of the United States Armed Forces, in violation of 37 U.S.C. §411.

6

27. The effect and result of the Orders was mandatory attendance by the Plaintiffs at the locations required by the Orders, often over a hundred miles from their residences, where they were required to perform their duties as MNG soldiers, and to eat and sleep away from home, without any form of quarters and/or ration allowances from the Defendants, and without any form of reimbursement or compensation for the costs of the meals or lodging that they funded out of their personal, private funds.

28. Plaintiffs and many other MNG soldiers knew and understood the Orders and the financial effect of the Orders to be improper, and violations of their rights as soldiers on active duty to receive TDY reimbursement compensation. The Plaintiffs at various times and at various opportunities complained to their chain of command, demanding that they receive new active duty orders, designating eligibility for "Per Diem" TDY reimbursement compensation for their meals and lodging.

29. Notwithstanding these complaints and demands, the Plaintiffs were told by their senior officers to feel "welcome to Massachusetts", and they were further told to discontinue their complaints and demands for TDY reimbursement compensation by statements to the effect that "If you don't like this arrangement we'll make sure you get taken off this mission."

30. The receipt of such responses had a chilling effect. Plaintiffs were made to understand by their senior officers, that in the event they complained further or made further demands for the TDY reimbursement compensation they believed they were owed, they would either lose their active duty orders or suffer negative repercussions on their military careers.

31. At all times that Plaintiffs sought to enforce their rights to the TDY reimbursement compensation, they were ordered and advised by their senior officers that they had no recourse for their claims other than through their "chain of command." Upon receipt of such orders the Plaintiffs concluded that they could not seek the TDY reimbursement compensation they felt they were owed, without extreme and negative repercussions on their military careers.

include, but are not limited to: Permissive TDY, Temporary Lodging Expense (TLE), Dislocation Allowance (DLA), Mileage Reimbursement and Shipment of Household Goods.

38. The meaning of the Plaintiffs' New Orders was that they were permanently assigned to the very same duty locations as designated in the Orders, but on a permanent basis thereby making them legally ineligible for any future TDY reimbursement compensation. Plaintiffs know of no reason for Defendants' issuance of the New Orders to Plaintiffs, other than to effect more efficiently, the Defendants' improper policy of refusing and failing to pay Plaintiffs the TDY reimbursement compensation that they are owed.

39. All senior officers to whom Plaintiffs expressed their concerns, questions, and demands for TDY reimbursement compensation, knew or should have known, that the Orders, by their very terms, contradicted applicable law including, but not limited to, 32 U.S.C. § 502(f), 37 U.S.C. §404(a)(4), 37 U.S.C. §411(a), Army Regulation 37-104-4.

## COUNT ONE
### Breach of 32 U.S.C. §502(f)

40. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

41. As a result of the foregoing conduct and writings referenced herein and attached hereto, the Defendants have violated the mandates of 32 U.S.C. §502(f).

42. Plaintiffs have suffered, and continue to suffer, monetary damages as a result

## COUNT TWO
### Breach of 37 U.S.C. §404

43. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

32. Plaintiffs therefore sought the assistance of a senior noncommissioned officer, Master Sergeant (MSG) Louis P. Tortorella, who shared Plaintiffs' belief that the Defendants owed the affected soldiers, including the Plaintiffs, the TDY reimbursement compensation.

33. In or about June 2003, MSG Tortorella asked his senior officer, Captain (then Lieutenant) Mark Fitzgerald, about the Plaintiffs' entitlement to TDY reimbursement compensation, and in response Lieutenant Fitzgerald ordered Tortorella to discontinue Plaintiffs' demands or pursue them only through his "chain of command."

34. In or about June 2003, MSG Tortorella next asked Lieutenant Fitzgerald's senior officer, LTC Daniel DuPont, about the Plaintiffs' entitlement to TDY reimbursement compensation, and in response LTC DuPont ordered Tortorella to discontinue Plaintiffs' demands or pursue them only through his "chain of command."

35. On or about July 2003, MSG Tortorella filed a formal congressional complaint with his United States Senator, John E. Sununu. Senator Sununu sent a congressional inquiry on behalf of his constituent to MSG Tortorella's chain of command requesting information on TDY reimbursement entitlement. In a letter dated March 19, 2004, LTC Richard C. Nagle, Assistant Chief of Staff, informed Senator Sununu that MSG Tortorella was not entitled to any "additional pay, retroactive or Per Diem." In a letter dated March 8, 2004, from the Office of Legislative Liaison, National Guard Bureau, MSG Tortorella was further informed that his "concerns [were] most appropriately addressed by his chain of command." See Exhibit C.

36. From and after Plaintiffs' pursuit of their rights to the TDY reimbursement compensation, some Plaintiffs received new orders from the Defendant MNG Adjutant General, assigning them to the very same active duty assignments, at the very same locations at which Plaintiffs had up to that time been performing their duties under the Orders, but this time under a so-called "PCS" (Permanent Change of Station) basis (the Plaintiffs' "New Orders").

37. Plaintiffs who moved their residences pursuant to the New Orders were not reimbursed in accordance with military regulations. Reimbursements Defendants failed to pay

8

57. At all times during the Class Period, the Plaintiffs were the employees of the Defendant Massachusetts National Guard and its Adjutant General.

58. The terms of this employment were expressly agreed to between the parties and/or were implied in the conduct of the parties.

59. The MNG's failure: (A) To abide by applicable Massachusetts and federal employment laws; (B) To pay to Plaintiffs the compensation and allowances due them; and (C) To pay Plaintiffs reimbursement for expenses reasonably incurred by them in the course of their employment; in each case constitutes a breach of the MNG's employment agreement with Plaintiffs.

60. Plaintiffs have suffered, and continue to suffer, monetary damages as a result.

## COUNT SIX
### Breach of Covenant of Good Faith and Fair Dealing

61. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

62. By virtue of the express and implied contract that exists between the parties, the MNG owes a duty to Plaintiffs to deal with Plaintiffs fairly and in good faith.

63. The MNG's failure: (A) To abide by applicable Massachusetts and federal employment laws; (B) To pay to Plaintiffs the compensation and allowances due them; and (C) To pay Plaintiffs reimbursement for expenses reasonably incurred by them in the course of their employment; in each case constitutes a breach of the MNG's duty to deal with Plaintiffs fairly and in good faith.

64. Plaintiffs have suffered and continue to suffer money damages as a result.

51.     During the Class Period the Defendants acted as fiduciaries over all of the funds entrusted to them by Congress for payment as compensation to the Plaintiffs. This fiduciary responsibility was and presently is a duty owed to the Plaintiffs and all other MNG soldiers.

52.     Massachusetts laws imposes upon a fiduciary a duty of loyalty to discharge responsibilities in the interest of the persons to whom the fiduciary duty is owed, and the fiduciary is bound by the law to do so with the same care, skill, prudence, and diligence, that a prudent man would use and apply.

53.     During the Class Period and before, the Defendants breached their fiduciary duties to manage and pay the funds entrusted to them for remittance to the Plaintiffs, by failing to observe and obey the laws of the United States, and its applicable regulations.

54.     A fiduciary's duties of loyalty also entail a duty to conduct an independent investigation into possible misapplication of the law in its administration and payment of the Plaintiffs' and other soldiers' compensation and allowances for active duty. From the inception of the Class Period, and through the time(s) of inquiries from MSG Tortorella, and US Senator Sununu on his behalf, the Defendants breached this duty of investigation and monitoring with respect to the compensation of MNG soldiers on active duty. During the Class Period, none of the Defendants could have reasonably made a determination that the Plaintiffs were not entitled to some form of TDY reimbursement compensation.

55.     As a result of the foregoing conduct the Defendants have breached and violated their fiduciary duty to the Plaintiffs, and the Plaintiffs have suffered and continue to suffer money damages as a result.

## COUNT FIVE
### Breach of Contract (Express and Implied)

56.     Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

11

44. As a result of the foregoing conduct and writings referenced herein and attached hereto, the Defendants have violated the mandates of 37 U.S.C. §404.

45. Plaintiffs have suffered, and continue to suffer, monetary damages as a result.

## COUNT THREE
### Breach of 37 U.S.C. §411

46. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

47. As a result of the foregoing conduct and writings referenced herein and attached hereto, the Defendants have violated the mandates of 37 U.S.C. §411.

48. Plaintiffs have suffered and continue to suffer money damages as a result.

## COUNT FOUR
### Breach of Fiduciary Duty

49. Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

50. During the Class Period the Defendants received from the United States Congress funding sufficient and adequate to pay to the Plaintiffs the TDY reimbursement compensation that they are owed. In fact, the Defendants Commonwealth of Massachusetts, Massachusetts National Guard, its Adjutant General and Inspector General, are charged with, and have assumed by their actions, the legal responsibility of management and allocation of funds from the Defendant United States, US Secretary of Defense and Department of the Army, to ensure that the Plaintiffs are paid all compensation and reimbursement to which they are legally entitled, including but not limited to the TDY reimbursement compensation.

## COUNT SEVEN

### Damages For Non-Payment of Wages (M.G.L. c. 149, sec. 148)

65.     Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

66.     The MNG's failure to pay to Plaintiffs wages and reimbursement of expenses reasonably incurred, constitutes a failure to pay wages due Plaintiffs for which they are entitled to recover money damages, and their costs and legal fees, under M.G.L. c. 149, sec. 148.

## COUNT EIGHT

### Punitive Damages

67.     Plaintiffs restate the allegations set forth in the preceding paragraphs as if the same were fully set forth herein.

68.     The Defendant MNG's refusal and failure to respond to any of Plaintiffs' inquiries and demands, and its abuse of the administrative and chain of command system to serve its own purposes of avoiding payment of funds to the Plaintiffs, have forced Plaintiffs to resort to litigation. As such, Plaintiffs are entitled to an award of a reasonable sum of punitive damages under Massachusetts common law and the Massachusetts Constitution, as well as an award of their costs of prosecution of this action and a reasonable attorney's fee.

### PRAYERS FOR RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

A.     That this Court certify this action as a class action on behalf of the proposed class under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B.     Designation of Plaintiffs Louis P. Tortorella, Wayne R. Gutierrez and Joseph P. Murphy, and Steven M. Littlefield, as representatives of the class;

C.     Designation of Plaintiffs' Counsel of Record as Class Counsel;

13

D.  Award of money damages to Plaintiffs on each count of Plaintiffs' Complaint in an amount to be determined at trial;

E.  Treble such amount of damages, and award Plaintiffs their costs and attorney's fees as provided for by M.G.L. c. 149;

F.  Exemplary and punitive damages in an appropriate amount to deter future conduct;

G.  Order that Defendants' wrongful conduct estops each from raising any affirmative defenses to this Complaint;

H.  Award interests, costs and attorneys' fees to the Plaintiff; and

I.  Grant Plaintiffs such other relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

LOUIS P. TORTORELLA,
WAYNE R. GUTIERREZ,
JOSEPH P. MURPHY and
STEVEN M. LITTLEFIELD

Plaintiffs, By Their Attorneys

JOHN SHEK, ESQ.
Weston, Patrick, Willard & Redding
84 State Street, 11th Floor
Boston, MA 02109
(617) 742-9310
(BBO# 457330)

Constance A. Driscoll, Esq.
Stevens Law Office
127 Mountain Road
Stowe, VT 05672
Phone (802)- 253-8547