UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOUIS P. TORTORELLA, et al. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 06-10054 RGS |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
RENEWED MOTION TO DISMISS OF DEFENDANTS
COMMONWEALTH OF MASSACHUSETTS
AND THE MASSACHUSETTS NATIONAL GUARD**

This putative class action was brought by plaintiffs Louis P. Tortorella, Wayne R. Gutierrez, Joseph P. Murphy, and Steven M Littlefield, on behalf of all current or former soldiers and officers in the Massachusetts Army National Guard.  Plaintiffs initially brought suit against the Commonwealth of Massachusetts, the Massachusetts National Guard, several state officials acting in their official capacities, as well as several federal officials acting in their official capacities.  By order of the Court, dated August 7, 2006, the claims against the individual defendants were dismissed, leaving the Commonwealth of Massachusetts and the Massachusetts National Guard ("MA NG") as the remaining "Commonwealth Defendants."  Plaintiffs seek reimbursement for pay and allowances allegedly owed to them pursuant to 32 U.S.C. § 502(f).  See First Amended Class Action Complaint ("First Amended Complaint") ¶1, at 2.

Because Plaintiffs seek monetary damages against the Commonwealth Defendants, their claims are barred by the Eleventh Amendment of the United States Constitution.  Further, the Plaintiffs' claims are for compensation related to their service on behalf of the federal

government pursuant to U.S.C. Title 10 and/or Title 32.  Such claims are properly asserted, if at all, not against the Commonwealth Defendants, but against the federal government.

Plaintiffs also have failed to exhaust administrative remedies.  Finally, to the extent that any claims are asserted against the Commonwealth Defendants on the basis of state law, those claims should be dismissed, where there remain no substantial federal claims to be determined against those entities.[1]

## BACKGROUND

Plaintiffs Louis P. Tortorella, Wayne R. Gutierrez, Joseph P. Murphy, and Steven M. Littlefield, instituted this putative class action complaint seeking reimbursement for alleged money that is owed to them from the United States and/or the Commonwealth of Massachusetts for their service on active duty. See First Amended Complaint ¶ 1, at 2. Plaintiffs allege that they all served on active duty at Camp Edwards, Massachusetts Military Reservation, and contend that they were not provided with the appropriate Temporary Duty Travel and Transportation Allowance ("TDY") by the MA NG when they served in Title 32 status, and plead causes of action based on the alleged breach of 32 U.S.C. § 502(f) (Count One); an alleged breach of 37 U.S.C. § 404 (Count Two); an alleged breach of 37 U.S.C. 411 (Count Three); breach of

---

[1] After dismissing Plaintiffs' claims against the individual defendants in this action, the Court stayed a decision as to the remaining defendants pending the outcome of an audit being conducted by the military.  Although that stay has not yet been lifted by the Court, the Commonwealth Defendants contend that renewal of their motion to dismiss is appropriate at this time, particularly in light of Plaintiffs' recent motion for a preliminary injunction and the renewal of their motion for class certification.  Furthermore, the result of the audit process has no bearing on the Commonwealth's immunity from suit in this Court on Plaintiffs' claims.  Due to the Plaintiffs' active federal duty status, reimbursement, if any, would necessarily be paid by funds from the federal government and not the Commonwealth.  Lastly, the Commonwealth Defendants' prior motion to dismiss only identified the individual Commonwealth Defendants.  This was based on counsel's belief, now apparently incorrect, that the Plaintiffs were intending to proceed only against the individual Commonwealth Defendants.  The grounds upon which the renewed motion is requested remain generally the same.

fiduciary duty (Count Four); breach of contract (Count Five); breach of the covenant of good faith and fair dealing (Count Six); damages for non–payment of wages under Massachusetts law (Count Seven); equal protection (Count Eight); a Fifth Amendment Takings claim (Count Nine); and punitive damages (Count Ten).   Id. ¶¶ 44-87, at 10-17.

## STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims for "lack of jurisdiction over the subject matter," and "'[a] motion to dismiss an action under Rule 12(b)(1) * * * raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it.'" *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 8 n.6 (1st Cir. 2005) (*quoting* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 61 (3d ed. 2004)). As the First Circuit has explained, "[t]his rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001), including challenges based on the absence of a waiver of sovereign immunity, *see id*. at 363, and a challenge to a complaint based on the failure to exhaust administrative remedies, *see Lahey Clinic*, 399 F.3d at 8 n.6 (*citing Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275 (1st Cir. 1999); *Deniz v. Municipality of Guaynabo*, 285 F.3d 142 (1st Cir. 2002)).

In cases in which the defendant challenges the accuracy of the jurisdictional facts asserted by the plaintiff, the defendant's challenge "permits (indeed, demands) differential factfinding." *Valentin*, 254 F.3d at 363.  As the Supreme Court has stated, "when a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion, the court may inquire by affidavits or otherwise, into the facts as they exist." *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947), *overruled by implication on other groun*ds, *Larson v. Domestic &*

*Foreign Commerce Corp.*, 337 U.S. 682 (1949); *accord*, *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996) (holding that district court may consider matters outside the pleadings to determine its own jurisdiction). In such circumstances, "the plaintiff's jurisdictional averments are entitled to "no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Valentin*, 254 F.3d at 363.

## ARGUMENT

### I. WHERE PLAINTIFFS ARE SEEKING MONETARY DAMAGES AGAINST THE COMMONWEALTH DEFENDANTS, SUCH CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

The Eleventh Amendment to the United States Constitution forbids the bringing of a federal court action by a private party against a state.[2] The "significance of this Amendment 'lies in its affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III' of the Constitution." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238 (1985) *quoting Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1984).

The Supreme Court has held that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School*, 465 U.S. at 100. Accordingly, this suit is squarely barred by the Eleventh Amendment and should therefore be dismissed.

---

[2] The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Supreme Court has long held that the Amendment applies not only to suits by citizens of other states, but to suits between a state and one of its own citizens as well. *Hans v. Louisiana*, 134 U.S. 1 (1890).

4

Although there are instances in which Eleventh Amendment immunity has been abrogated by statute, such is not the case with respect to the claims asserted in this lawsuit. There has been no such abrogation with respect to the federal statutory claims asserted in Counts I – III. Congress is also not empowered to abrogate immunity with regard to the Massachusetts statutory law claims asserted in Count VII. Neither is there a specific abrogation of immunity with regard to the common law claims asserted in Counts IV, V, VI, and X.

The only remaining claims are set out in Counts VIII and IX, in which it is alleged that Defendants have deprived the Plaintiffs of equal protection under the law and have deprived Plaintiffs of property in violation of the 5th Amendment. Although not specifically referenced, these counts constitute claims under 42 U.S.C. § 1983. To bring a claim for monetary damages pursuant to § 1983, a plaintiff must allege that some "person" acting under color of law deprived him of any rights, privileges or immunities secured by the constitution. 42 U.S.C. § 1983. However, it is well settled that states (including state agencies) are not "persons" subject to suit for monetary damages under 42 U.S.C. § 1983. *Will v. Michigan*, 491 U.S. 58, 70-71 (1989). Assuming, without conceding that these allegations sufficiently state constitutional claims (which the Commonwealth Defendants do not concede), nonetheless, the claims contained in Counts VIII and IX directed against the Commonwealth Defendants are barred as a matter of law because they are not "persons" subject to suit for monetary damages pursuant to 42 U.S.C. § 1983.

Plaintiffs suggested in their opposition to the Commonwealth Defendants' initial motion to dismiss that dismissal is inappropriate because some discovery must be had in order to determine, under the factors outlined in *Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Authority*, 991 F.2d 935 (1st Cir. 1993), whether the MA NG is actually a state agency and

entitled to share in the immunity granted to states under the Eleventh Amendment. No such discovery is needed here. It is patently obvious, merely by looking at the *Metcalf* factors cited by the Plaintiffs themselves, that the MA NG is entitled to Eleventh Amendment immunity as a state agency.[3] The organization and role of the MA NG is set forth at M.G.L. c. 33. Plaintiffs themselves named as defendants in this suit three state officials acting in their official capacity, including Governor Romney and MA NG Adjutant General Mason, as individuals having "legal and management responsibility for the acts and omissions of the Massachusetts National Guard." See First Amended Complaint, ¶¶ 9-10, at 3. Plaintiffs cannot now seriously contest whether the MA NG is an entity of the Commonwealth, entitled to Eleventh Amendment immunity.

It warrants mentioning that the First Circuit cases cited by Plaintiffs on this issue came out of the District of Puerto Rico, which over thirty years ago stated that the Puerto Rico National Guard is a state agency. *Ursulich v. Puerto Rico National Guard*, 384 F.Supp. 736, 738 (1974). Other courts have generally concluded that the respective national guards of states are, in fact, state agencies. *See, e.g.*, *Jones v. N.Y. State Division of Military and Naval Affairs*, 166 F.3d 45 (2d Cir. 1999); *Johnson v. Orr*, 780 F.2d 386, 388 (3d Cir. 1986) (citations omitted).

Indeed, the First Circuit itself, in dicta, has recognized that "[i]n each state the National Guard is a state agency, under state authority and control." *Charles v. Rice*, 28 F.3d 1312, 1315 (1st Cir. 1994). Plaintiffs' argument to the contrary here cannot be sustained. It is merely an

---

[3] The factors identified in *Metcalf* are: "(1) whether the agency has the funding power to enable it to satisfy judgments without direct state participation or guarantees; (2) whether the agency's function is governmental or proprietary; (3) whether the agency is separately incorporated; (4) whether the state exerts control over the agency, and if so, to what extent; (5) whether the agency has the power to sue, be sued, and enter contracts in its own name and right; (6) whether the agency's property is subject to state taxation; and (7) whether the state has immunized itself from responsibility for the agency's acts or omissions." *Metcalf*, 991 F.2d at 939-40.

eleventh hour contention designed merely to delay dismissal, with no real chance of succeeding upon actual analysis.

The Plaintiffs have also attempted to color their requested relief as equitable in nature, in an attempt to overcome the Commonwealth's Eleventh Amendment immunity. That effort must also fail. The requested relief, the payment of money, even if framed as equitable in nature, which the Commonwealth Defendants dispute, is not available against the Commonwealth Defendants. First, the relief sought here is retroactive, not prospective. The Eleventh Amendment specifically bars retroactive payment of benefits, even if found to have been wrongly withheld. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (stating that a Federal Court's remedial power consistent with 11th Amendment, is necessarily limited to prospective injunctive relief and may not include a retroactive award which requires the payment of funds from the state treasury).

Secondly, even if the Plaintiffs were seeking prospective, injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), *Ex Parte Young* only allows suit against <u>state actors in their official capacity</u> for prospective, injunctive relief. Here, the individual state actors have been dismissed, leaving only the Commonwealth and the MA NG. *Ex Parte Young* does not apply.[4]

Because the suit is thus barred by the Eleventh Amendment, this Court lacks subject matter jurisdiction with respect to the claims against the Commonwealth Defendants, and the

---

[4] To the extent that Plaintiffs purport to seek prospective injunctive relief against the Commonwealth Defendants, such relief would be to enforce the laws of Massachusetts; and the Eleventh Amendment would act to bar such claims. *Pennhurst State Sch. & Hosp. V. Halderman*, 465 U.S. 89, 106 (1984) (observing that "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law").

claims against them should be dismissed with prejudice in accordance with Fed. R. Civ. P. 12(b)(1) and 12(h)(3).

> **II. WHERE ALL CLAIMS ASSERTED BY PLAINTIFFS ARE FOR COMPENSATION RELATED TO THEIR SERVICE ON BEHALF OF THE FEDERAL GOVERNMENT PURSUANT TO U.S.C.TITLE 32, SUCH CLAIMS ARE PROPERLY ASSERTED AGAINST THE FEDERAL GOVERNMENT AND NOT AGAINST THE COMMONWEALTH DEFENDANTS.**

The Plaintiffs' claims in this matter all arise as a result of Plaintiffs' having been called into federal service pursuant to U.S.C. Title 32.  See Examples of Military Orders as referenced in Paragraph 24 of the First Amended Complaint and annexed to that Complaint as Exhibit A.  Those Orders bear the Authorization Code, "32 502 (F) (1)," which refers to the statute pursuant to which the Orders are given.  32 U.S.C. 502 governs drills and field exercises of the National Guard as ordered by the federal government:

> 32 U.S.C.A. § 502
>
> United States Code Annotated
>
> Title 32. National Guard
>  Chapter 5.  Training
> § 502. Required drills and field exercises
>
> …
>
> (f) Under regulations to be prescribed by the Secretary of the Army or Secretary of the Air Force, as the case may be, a member of the National Guard may—
>
> (1) without his consent, but with the pay and allowances provided by law; or
> (2) with his consent, either with or without pay and allowances;
>
> be ordered to perform training or other duty in addition to that prescribed under subsection (a). Duty without pay shall be considered for all purposes as if it were duty with pay.

Where the orders giving rise to Plaintiffs' Amended Complaint are Federal Orders obligating only the federal government, any claims must properly be asserted, if at all, against the Federal Defendants, and not against the Commonwealth Defendants. This result is mandated by the nature of the dual enlistment system under which members of the National Guard of the several states who are ordered into federal service with the National Guard of the United States lose their status as members of the state militia during their period of active duty. *Perpich v. Dept. of Defense*, 496 U.S. 334, 347, 110 S.Ct. 2418 (1990). As described by the Supreme Court:

> In a sense, all [members of the State Militia] now must keep three hats in their closets--a civilian hat, a state militia hat, and an army hat--only one of which is worn at any particular time. When the state militia hat is being worn, the "drilling and other exercises" referred to by the Illinois Supreme Court are performed pursuant to "the Authority of training the Militia according to the discipline prescribed by Congress," but when that hat is replaced by the federal hat, the second Militia Clause is no longer applicable. *Id*.

Further, in accordance with this dual enlistment rationale, "the states' authority over training the militia, found in the Militia Clause, … does not apply to the period during which National Guard members are on active duty as part of the National Guard of the United States." *Dehne v. United States*, 23 Cl. Ct. 606, 613 (1991, *vacated on other grou*nds, 970 F.2d 890 (1992), *citing Dukakis v. United States Dept. of Defense*, 686 F.Supp. 30, 36 (D. Mass.), *aff'd*, 859 F.2d 1066 (1st Cir. 1988), *cert. denied*, 490 U.S. 1020, 109 S. Ct. 1743, 104 L.Ed.2d 181 (1989).

Plaintiffs' reliance upon 32 U.S.C. 502 (f), as well as 37 U.S.C. 404 and 37 U.S.C. 411 further underscore the fact that the compensation being sought is on account of the Plaintiff Guardsmens' services on behalf of the federal government. See Plaintiffs' Amended Complaint, ¶ 22.

Where the claims asserted are on account of federal obligations arising out of service on behalf of the federal government, the Plaintiffs' claims against the Commonwealth Defendants should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1).

### III.    PLAINTIFFS HAVE FAILED TO EXHAUST ADMINISTRATIVE REMEDIES.

This Court further lacks subject matter jurisdiction over this suit because plaintiffs have failed to exhaust their administrative remedies.  The Commonwealth Defendants rely upon those arguments asserted by the Federal Defendants in Section II of their Memorandum of Points and Authorities in Support of their Motion to Dismiss.

### IV.    WHERE THERE EXIST NO SUBSTANTIAL FEDERAL CLAIMS TO BE DETERMINED, ANY CLAIMS AGAINST THE COMMONWEALTH DEFENDANTS ARISING UNDER STATE LAW SHOULD BE DISMISSED.

To the extent that any state claims may remain which have not been dismissed by the Court, those claims should be dismissed because there are no substantial federal claims which exist in the lawsuit, and this court should therefore refuse to exercise its pendent jurisdiction.  It is clear that the "power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit."  *Newman v. Burgin*, 930 F.2d 955, 963 (1st Cir. 1991), *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966).  Even if this court were to determine that the Commonwealth Defendants were not entitled to the protection of the Eleventh Amendment, where the Plaintiffs have failed to exhaust administrative remedies with respect to their military pay claims; and where those military pay claims are not properly asserted against the

Commonwealth; any pendent state law claims against the Commonwealth Defendants should be dismissed.[5]

## CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Class Action Complaint should be dismissed as against the Commonwealth Defendants.

          Respectfully Submitted,

          COMMONWEALTH OF
          MASSACHUSETTS and
          MASSACHUSETTS NATIONAL GUARD
          By their Attorneys

          THOMAS F. REILLY
          ATTORNEY GENERAL,

          s/ Brian M. Donovan                 .
          Brian M. Donovan, BBO #650551
          Assistant Attorney General
          Government Bureau/Trial Division
          One Ashburton Place, Room 1813
          Boston, MA  02108
          (617) 727-2200 x 2803
          brian.donovan@ago.state.ma.us

September 29, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 29, 2006.

          s/ Brian M. Donovan                 .
          Brian M. Donovan, BBO #650551

---

[5] The Commonwealth Defendants note that to the extent that Plaintiffs are asserting constitutional claims in Counts VIII and IX, those claims are nothing more than reworded claims for compensation under the cited federal military pay statutes.